UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **James Rutherford**; and **The Association for Equal Access**, <br><br>  Plaintiffs, <br><br> v. <br><br> **Brandy's of Chicago, Inc. d/b/a Brandy's Gyros**; and **Savvas Stolidakis**, individually, <br><br>  Defendants. | Case No. <br><br> _____ <br><br><br> **Jury Trial Demanded** |

## COMPLAINT FOR VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT

This Complaint is brought by Plaintiff James Rutherford, a disabled individual, and the Association for Equal Access (the "Association"), a nonprofit association, on behalf of its members, through their attorneys, Jackson LLP (Connor D. Jackson). As grounds for their complaint, Plaintiffs allege the following:

### Jurisdiction & Venue

1. This court has jurisdiction under 28 U.S.C. Sections 1331 and 1343(a)(3) and Title III of the Americans with Disabilities Act of 1990, 42 U.S.C. Section 12188 (a)(1)-(2) (2012) ("Title III").

2. Pursuant to 28 U.S.C. Sections 1391(b) and (c), venue is proper in this district because the events of the claim arose here, and Defendants reside and do business here.

## Jury Demand

3. Plaintiffs demand a jury trial on all the issues triable by jury, pursuant to Federal Rule of Civil Procedure 38(b).

## The Parties

4. Mr. Rutherford is a disabled individual within the meaning of Title III due to an arthritic condition in his thumbs, which interferes with his ability to grab, twist, and turn objects such as door handles, and a mobility disability, which substantially limits one or more of his major life activities, including lifting, walking, standing, and sitting.

5. Because of these disabilities, Mr. Rutherford has been issued a Permanently Disabled Handicapped Parking Placard by the State of Illinois.

6. Mr. Rutherford is therefore disabled under the meaning of 42 U.S.C. Section 12102 (1)-(4).

7. Mr. Rutherford lives within a twenty-minute drive of Brandy's Gyros and is frequently in the nearby area.

8. Mr. Rutherford is a member of the Association.

9. The Association is a nonprofit association consisting of members formed for the common purpose of advocating for

disabled individuals who cannot fully enjoy and access places of public accommodation because of Title III violations.

10. The Association's members would otherwise have standing to sue in their own right.

11. The Association's members include persons with disabilities within the meaning of the ADA who have been (or will be) patrons of Brandy's Gyros, and who are persons with mobility disabilities or any other disability covered by Title III who could otherwise assert such a claim against Brandy's Gyros.

12. The Association's interests that it seeks to protect are germane to the organization's purpose.

13. The Association is an advocate for disabled individuals who cannot access and/or fully enjoy places of public accommodation because of violations of Title III, including blocked or too narrow entrances, hallways, restrooms, doorways, and improper maneuvering within the public accommodation.

14. Because of the nature of the relief sought, neither the claim asserted nor the relief requested requires the participation of its individual members in this lawsuit.

15. Brandy's of Chicago is a corporation organized under the laws of the State of Illinois and doing business in Illinois.

16. Brandy's of Chicago owns, operates, leases, and/or otherwise controls Brandy's Gyros restaurant, which serves food and

beverage and is located at 6262 North Harlem Avenue, Chicago, Illinois 60631.

17. Brandy's of Chicago is therefore a public accommodation under 42 U.S.C. Section 12181(7)(B).

18. Upon information and belief, Savvas Stolidakis owns, operates, leases, and/or otherwise controls Brandy's of Chicago and Brandy's Gyros restaurant, as well as owns, leases, and/or otherwise controls the real property and building that houses Brandy's Gyros.

19. Mr. Stolidakis is therefore subject to the provisions of Title III under 28 C.F.R. Section 36.201(b).

## Facts

20. In late 2015, Mr. Rutherford patronized Brandy's Gyros and encountered significant Title III violations.

21. The parking area lacked any handicapped signage or a van-accessible parking space, causing Mr. Rutherford to experience difficulty in obtaining adequate parking.

22. Upon entering Brandy's Gyros, Mr. Rutherford encountered a sales and service counter that is too high.

23. Mr. Rutherford tried to utilize the restroom – first the men's restroom and then the women's restroom – but he encountered obstacles to handicapped maneuverability, latches that were too tight, insufficient grab bars, and other impediments to his full use of the facilities.

24. Because of these violations, he could not experience the full and equal enjoyment of Defendants' goods, services, and facilities in violation of Title III.

## Title III & Its Implementing Regulations

25. Title III prohibits discrimination on the basis of disability in the activities of places of public accommodation, which are businesses that are generally open to the public, such as Brandy's Gyros restaurant. 42 U.S.C. § 12181(7)(B).

26. As the implementing administrative agency, the Department of Justice has codified mandatory regulations and standards for design of places of public accommodation, which, in relevant part, are codified at 28 C.F.R. part 36 (2016) and 36 C.F.R. part 1191 (2016).

27. The regulations provide specific design standards to ensure that, to the maximum extent feasible and/or are readily achievable, the altered portions of the facility are readily accessible to and usable by individuals with disabilities.

28. Upon information and belief, one or more Defendant has made or authorized alterations after January 1992, such that the violations should have then been – and should now be – brought into compliance.

29. Upon information and belief, Mr. Rutherford asserts that there are other violations and barriers at Brandy's Gyros.

30. Mr. Rutherford intends to amend this complaint after he conducts a site inspection, and he hereby provides notice to Defendants that he seeks to have any and all barriers and violations remedied.

## Count I: Violation of ADA Title III

31. Mr. Rutherford incorporates paragraphs 1 through 30 above as if they are stated again here.

32. Title III prohibits discrimination on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation.

33. Defendants owned, operated, leased, and/or controlled Brandy's Gyros, a place of public accommodation.

34. As described herein, Mr. Rutherford accessed or attempted to access and use Brandy's Gyros to avail himself of its goods and services but was unable enjoy its full benefits because of the complained-of Title III violations.

35. Remedy of these violations is either readily achievable or required to the maximum extent feasible.

36. Mr. Rutherford has a realistic, credible, existing, and continuing threat of discrimination from Defendants' non-compliance with the requirements of Title III.

37. Mr. Rutherford is aware of existing barriers at Brandy's Gyros.

38. Mr. Rutherford would return to Brandy's Gyros if the barriers were removed.

39. Mr. Rutherford has made concrete plans to return to Brandy's Gyros, which is only a short drive from his home.

40. Mr. Rutherford thus continues to suffer an actual and imminent injury-in-fact of threat of colorable future harm. 42 U.S.C. § 12188(a) (incorporating the remedies set forth in 42 U.S.C. § 2000a-3(a)).

41. In the alternative, returning to Brandy's Gyros would be a futile gesture in light of Mr. Rutherford's actual knowledge that Defendants do not intend to comply with the provisions of Title III, evidenced by their failure to respond to Mr. Rutherford's letter requesting Title III compliance. 42 U.S.C. § 12188(a).

42. Upon information and belief, Brandy's Gyros has been modified, remodeled, or altered on or after January 26, 1992 and/or on or after March 15, 2012.

43. In making alterations to the restaurant, Defendants failed to make readily achievable ADA-compliant changes to the restaurant.

44. The pre-existing elements of the restaurant are not ADA-compliant to a readily achievable standard.

45. In making alternations to the restaurant, Defendants failed to make the restaurant ADA-compliant to the maximum extent feasible.

*Parking Area Violations*

46. The parking area does not contain a van-accessible parking place. 36 C.F.R. pt. 1191, app. D, § 502.3.

47. The parking area does not contain handicapped van-accessible signage. 36 C.F.R. pt. 1191, app. D, § 502.6.

*Sale & Service Counter Violations*

48. The sales and services counter is neither at least 36 inches in length and height, nor has a forward approach with a counter surface that is at least 30 inches long and 36 inches in height. 36 C.F.R. pt. 1191, app. D, §§ 904.4 – 904.4.2.

*Women's Restroom Violations*

49. The door handles are not operable with one hand.

50. The door handles require tight grasping, tight pinching, and/or twisting of the wrist to operate. 36 C.F.R. pt. 1191, app. D, §§ 309.4, 404.2.7.

51. The restroom entrance door lacks adequate maneuvering clearance. 36 C.F.R. pt. 1191, app. D, § 404.2.4.1.

52. The rear grab bars are shorter than 36 inches in length. 36 C.F.R. pt. 1191, app. D, § 604.5.2.

53. The grab bars are inaccessible because the water closet is too far from the wall. 36 C.F.R. pt. 1191, app. D, § 604.5.2.

54. The centerline of the water closet is 26 inches from any side wall or partition, instead of the required maximum of 18 inches. 36 C.F.R. pt. 1191, app. D, § 604.2.

*Men's Restroom Violations*

55. The door handles are not operable with one hand.

56. They require tight grasping, tight pinching, and/or twisting of the wrist to operate. 36 C.F.R. pt. 1191, app. D, §§ 309.4, 404.2.7.

57. The restroom entrance door does not have adequate maneuvering clearance. 36 C.F.R. pt. 1191, app. D, § 404.2.4.1.

58. The rear grab bars are shorter than 36 inches in length. 36 C.F.R. pt. 1191, app. D, § 604.5.2.

59. The grab bars are inaccessible because the water closet is too far from the wall. 36 C.F.R. pt. 1191, app. D, § 604.5.2.

60. The centerline of the water closet is 26 inches from any side wall or partition, instead of a maximum of 18 inches as required. 36 C.F.R. pt. 1191, app. D, § 604.2.

## Prayer for Relief

Mr. Rutherford prays that the Court:

(a) Enter judgment declaring that Defendants violated and continue to violate Title III;

(b) Enter an injunction requiring Defendants to make the restaurant readily accessible and usable by individuals with disabilities pursuant 42 U.S.C. Section 12188(b), by ordering Defendants to: (1) cease violating the ADA, and (2) to remedy the above Title III violations;

(c) Award compensatory damages in such an amount as the Court finds just and proper;

(d) Grant Mr. Rutherford and the Association their attorney fees, costs, and litigation expenses incurred in prosecuting this action;

(e) Grant such further relief as the Court deems just and proper.

Respectfully Submitted,

JACKSON LLP

*Connor D. Jackson [electronically signed]*
Connor D. Jackson
Illinois ARDC No. 6317419
900 Chicago Avenue, Suite 104
Evanston, IL 60202
Tel: (847) 440-5028
Email: connor@jackson-legal.com

*Attorneys for Plaintiffs*